Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **JANUARY 2022**   **001735** |
| E-Filing Number: 2201040216 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DOUGLAS C. WOTRING | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 11 CLIFTON ROAD<br>CAMP HILL PA 17011-1602 | ONE STATE FARM PLAZA<br>BLOOMINGTON IL 61710 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 1 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☒ Other: CLASS ACTION | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

C1 - CLASS ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br><br>JAN **21** 2022<br><br>**S. RICE** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DOUGLAS C WOTRING

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JAMES C. HAGGERTY | 1801 MARKET STREET<br>SUITE 1100<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (267)350-6600 | (215)665-8201 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 30003 | jhaggerty@hgsklawyers.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *JAMES HAGGERTY* | Friday, January 21, 2022, 12:04 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

- EXHIBIT 1 -

DOUGLAS C. WOTRING, INDIVIDUALLY       :
AND ON BEHALF OF A CLASS OF            :  COURT OF COMMON PLEAS
SIMILARLY SITUATED PERSONS             :  PHILADELPHIA COUNTY
11 Clifton Road                        :
Camp Hill, PA  17011-1602              :
                                       :
                                       :
        v.                             :
                                       :
                                       :
STATE FARM MUTUAL AUTOMOBILE           :
INSURANCE COMPANY                      :
One State Farm Plaza                   :
Bloomington, IL  61710                 :

Filed and Attested by the
Office of Judicial Records
14 FEB 2022 12:04 pm
S. RICE

## NOTICE TO PLEAD

|                                    |
| NOTICE                             |

You have been sued in court.   If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.   You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.   You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.   IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION
SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1701

AVISO

Le han demando a usted en la corte.   Si usted quiere defenderse de estas demandos expuestas en las páginas sigiuentes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.   Usted puede perder diner or sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.   SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LA LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN
LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-1701

DOUGLAS C. WOTRING, INDIVIDUALLY    :
AND ON BEHALF OF A CLASS OF    : COURT OF COMMON PLEAS OF
SIMILARLY SITUATED PERSONS    : PHILADELPHIA COUNTY
11 Clifton Road    :
Camp Hill, PA 17011-1602    :
   :
       v.    :
   :
STATE FARM MUTUAL AUTOMOBILE    :
INSURANCE COMPANY    :
One State Farm Plaza    :
Bloomington, IL 61710    :

## CLASS ACTION COMPLAINT

### Parties

1.      The Plaintiff, Douglas C. Wotring ("Wotring"), is an individual citizen and resident of the Commonwealth of Pennsylvania residing at 11 Clifton Road, Camp Hill, PA 17011.

2.      The defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is a corporation organized and existing in the State of Illinois, with its principal place of business in Bloomington, Illinois, being duly authorized to and conducting business in the Commonwealth of Pennsylvania including the City and County of Philadelphia, Pennsylvania.

3.      The present action seeks recovery of premiums paid by the plaintiff and members of the class for stacked coverage under single vehicle motor vehicle policies issued in accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. § 1701 et seq. ("MVFRL") where such coverage is actually not available under these single vehicle policies since there were no other policies in the household which would permit stacking of uninsured and underinsured motorist coverages.

1

Case ID: 220101735

**Insurance Coverage**

4.      At all times material hereto, there existed, in full force and effect, a Personal Auto Policy issued by defendant, State Farm, to plaintiff, Wotring, providing coverage in accordance with the MVFRL ("State Farm Policy").  A true and correct copy of the State Farm Declarations Pages is attached hereto and marked Exhibit "A".

5.      The State Farm Policy provided, *inter alia*, $100,000.00/$300,000.00 of stacked uninsured and underinsured motorist coverages for one vehicle.  See Exhibit "A".

6.      Stacking is the cumulation of coverages in order to increase the potential pool of recovery of uninsured and underinsured motorist benefits.

7.      Stacking of uninsured and underinsured motorist coverages is governed by § 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1738 ("MVFRL").

8.      Section 1738(a) of the MVFRL provides:

> **(a) Limit for each vehicle.** - When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limits for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverage available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

75 Pa.C.S.A. § 1738(a).

9.      The plaintiff, Wotring, and each member of the class, owned only one vehicle.

10.      There were no other vehicles in the household of the plaintiff, Wotring, nor in the household of each member of the class.

Case ID: 220101735

11.    The plaintiff, Wotring, and each member of the class, were not an insured under any other policy for purposes of uninsured or underinsured motorist coverage, i.e. there were no other vehicles or policies in the household.

12.    There was, therefore, no intra-policy or inter-policy stacking of uninsured or underinsured motorist coverages under the State Farm Policy and the policies issued to each member of the class.

13.    In Barnard v. Travelers, 216 A. 3d 1045 (Pa. 2019), the Supreme Court of Pennsylvania stated:

> Rather, we find that the section's references to multiple vehicles merely acknowledges that stacking is only possible when an insured possesses UIM coverage for multiple vehicles. Therefore, for practical purposes, Subsection 1738(c) only requires insurance companies to offer stacking waivers when an insured obtains UIM coverage for multiple vehicles.

Id. at 1054.

14.    The defendant, State Farm, nonetheless, offered stacking of uninsured and underinsured motorist coverages to the plaintiff, Wotring, under the State Farm Policy, as well as to each member of the class.

15.    The defendant, State Farm, further offered the opportunity to the plaintiff, Wotring, and to each member of the class, to waive stacking of uninsured and underinsured motorist coverages, despite the specific and unambiguous provisions of the MVFRL.

16.    The plaintiff, Wotring, and each member of the class, elected to have stacking of uninsured and underinsured motorist benefits under the State Farm Policy and the policies issued to each member of the class; the defendant, State Farm, did not advise the plaintiff, Wotring, or each member of the class, that there State Farm was no stacking coverage benefit available under

Case ID: 220101735

any of these single vehicle policies since there were no other motor vehicles or policies in the household.

17.    The defendant, State Farm, charged the plaintiff, Wotring, and each member of the class, an additional premium for stacked uninsured and underinsured motorist coverage despite knowing, from the time of the decision of the Supreme Court in <u>Generette v. Donegal</u>, 957 A.2d 1180 (Pa. 2008), that no stacking coverage benefit was being provided.

18.    Prior to the decision in <u>Generette</u>, insurers claimed, and the Courts agreed, that the ability of someone such as the plaintiff, Wotring, to recover uninsured or underinsured benefits as a guest passenger in a non-household vehicle and then to be able to recover additional benefits under her own policy was inter-policy stacking, thereby justifying the additional premium for stacking under a single vehicle policy.

19.    In <u>Generette</u>, the Supreme Court held that such recovery involving non-household vehicles was not inter-policy stacking, but rather priority of recovery.

20.    In <u>Generette</u>, the Supreme Court determined that stacking involves only household policies; recovering additional uninsured and underinsured motorist benefits under non-household policies is not stacking of coverages, but rather priority of coverage.  <u>Generette v. Donegal</u>, <u>supra</u>.

21.    The decision in <u>Generette</u>, therefore, eliminated that factual predicate used by insurers to justify an additional premium for stacking under single vehicle policies where there are no other household policies, namely the ability to recover under multiple policies in the guest passenger situation.

Case ID: 220101735

22.    Despite being aware that a single vehicle policy issued to an individual with no other household vehicles or policies provided no stacking coverage benefit, State Farm continued to issue such policies and charge a premium for a coverage benefit not provided by the policy.

23.    Despite being aware that a single vehicle policy issued to an individual with no other household vehicles or policies provided no stacking coverage benefit, State Farm deliberately refused to advise such policyholders that the policy did not actually provide a stacking coverage benefit.

24.    Despite getting sufficient information in the underwriting process to determine that there was no stacking coverage benefit provided by the policies, i.e. a single vehicle policy with no other household vehicles or policies, State Farm deliberately issued such policies while purposely refusing to advise policyholders of the situation.

25.    There is, therefore, no stacking of uninsured and underinsured motorist coverages under the State Farm Policy or the policies issued to each member of the class; nonetheless, State Farm charged an additional premium for stacked coverage under the State Farm Policy and the policies issued to each member of the class, knowing that no stacking coverage benefit was provided while deliberately refusing to advise policyholders that the policies provided no stacking coverage benefit for which they were paying a premium.

**Underwriting and Issuance of Policies**

26.    The defendant, State Farm, in issuing the State Farm Policy to the plaintiff, Wotring, and each member of the class, undertook an underwriting process prior to issuing these policies.

Case ID: 220101735

27.     As part of the underwriting process, the defendant, State Farm, obtained, or should have obtained, information regarding all policies and vehicles in the household of the plaintiff, Wotring, and each member of the class.

28.     As part of the underwriting process, the defendant, State Farm, learned, or should have learned, that there were no other household policies under which the plaintiff, Wotring, and each member of the class, was an insured for purposes of uninsured and underinsured motorist coverages and upon which an additional charge for inter-policy stacking could be premised.

29.     As part of the underwriting process, the defendant, State Farm, learned, or should have learned, that there could be no stacking of uninsured and underinsured motorist coverages under the State Farm Policy and the policy issued to each member of the class since there was no factual basis for intra-policy or inter-policy stacking.

30.     Section 1738 of the MVFRL governs stacking of uninsured and underinsured motorist coverages in Pennsylvania.

31.     Under the MVFRL, stacking may be intra-policy or inter-policy.

32.     Intra-policy stacking is the cumulation of multiple coverages under a single policy.

33.     The State Farm Policy insured one vehicle; therefore, there was no and could be no intra-policy stacking under the State Farm Policy.

34.     Inter-policy stacking is the cumulation of multiple coverages under multiple household policies.

35.     There were no other auto policies in the household of the plaintiff, Wotring; therefore, there was no, and could be no, inter-policy stacking under the State Farm Policy.

Case ID: 220101735

36.     In agreeing to issue stacked uninsured and underinsured motorist coverage to the plaintiff under the State Farm Policy, the defendant, State Farm, knew, or should have known, that there was no stacking benefit under the State Farm Policy; nonetheless State Farm issued the policy and refused to advise the policyholder.

37.     Despite knowledge of the fact that there was no intra-policy stacking benefit nor any inter-policy stacking benefit under the State Farm Policy, the defendant, State Farm, issued a policy to the plaintiff, Wotring, which provided stacked uninsured and underinsured motorist coverages and, further, charged an additional premium for that stacking of uninsured and underinsured motorist coverages.   The plaintiff, Wotring, was never told that the policy did not provide a stacking coverage benefit.

38.     In the underwriting and issuance of the State Farm Policy, State Farm knew or should have known that there was no intra-policy or inter-policy stacking coverage benefit available.

39.     Just as it did to the plaintiff, Wotring, the defendant, State Farm, issued policies to members of the class which provided no intra-policy and/or inter-policy stacking benefit but nonetheless charged and accepted premiums for such coverage.

40.     While the defendant, State Farm, was charging and accepting additional premiums to members of the class for intra-policy and inter-policy stacking benefits under policies which provided no such coverage benefit, the defendant, State Farm, deliberately refused to advise policyholders of the situation, knowing full well that the policyholders were unaware that no stacking coverage benefit was provided by the policy.

7

Case ID: 220101735

41.    In the underwriting process of policies issued to members of the class, the defendant, State Farm, knew or should have known that there were no other vehicles or policies in the household upon which a stacking coverage benefit could be premised.

42.    Despite knowing that the policies issued to members of the class provided no stacking coverage benefit, the defendant, State Farm, charged an additional premium for that coverage benefit, ignoring its duties of good faith and fair dealing to its policyholders.

43.    The plaintiff, Wotring, and members of the class, are entitled to a return of the premiums charged for this stacking coverage benefit which was not, in fact, provided to single vehicle policyholders with no other vehicles or policies in the household.

### Class Action Allegations

44.    The plaintiff, Wotring, brings this action individually and on behalf of a class of similarly situated persons as a class action pursuant to the Pennsylvania Rules of Civil Procedure.

45.    The defendant, State Farm, has continuously, systematically, wrongfully and wantonly issued policies providing stacked uninsured and underinsured motorist coverages to single vehicle policyholders with no other policies in the household knowing full well that these policies provided no stacking coverage benefit and deliberately refusing to advise policyholders of their plight.

46.    The plaintiff, Wotring,  seeks to represent a class of persons to whom the defendant, State Farm, issued a single vehicle motor vehicle policy in accordance with the MVFRL and where: (a) each class member owned a single vehicle with no other vehicles or motor vehicle policies in the household; (b) each member of the class was issued a motor vehicle policy by the defendant, State Farm, in the Commonwealth of Pennsylvania providing coverage in accordance with the MVFRL;  (c) the defendant, State Farm, knew, or should have known,

8

Case ID: 220101735

that each member of the class owned only a single vehicle; (d) the defendant, State Farm, knew or should have known that there were no other vehicles or policies in the household of each member of the class; (e) each policy issued by the defendant, State Farm, to each member of the class provided stacked uninsured and underinsured motorist coverages; (f) the defendant, State Farm, charged an additional premium for the stacked uninsured and underinsured motorist coverages provided under the policies issued to each member of the class; (g) the stacked uninsured and underinsured motorist coverage benefit under each policy issued by the defendant, State Farm, to each member of the class was not available since there was actually no intra-policy stacking nor inter-policy stacking policy benefit under those policies; (h) each member of the class paid an additional premium for stacked uninsured and underinsured motorist coverage; and (i) each member of the class is entitled to a return of premiums from the defendant, State Farm, for this stacking coverage benefit that did not exist.

47.     The plaintiff, Wotring, reserves the right to amend the definition and/or identify subclasses upon completion of class certification.

48.     The class is limited to residents of the Commonwealth of Pennsylvania in numbers sufficient to allow class certification.

49.     The class is limited to persons who secured policies from the defendant, State Farm, providing coverage in accordance with the MVFRL.

50.     The members of the class are so numerous that joinder of them is impracticable.

51.     Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of the defendant, State Farm.

Case ID: 220101735

52.    A class action is the only practicable means available for the members of the class to pursue the appropriate remedies and received the necessary return of premiums for the illusory coverage from the defendant, State Farm.

53.    A class action is the only practicable means available to prevent the defendant, State Farm, from engaging in the continuous and systematic illegal and unlawful conduct under the MVFRL and to remedy the harm created by this illegal and unlawful conduct.

54.    The questions of law and fact are common to the members of the class which the plaintiff, Wotring, seeks to represent.

55.    The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

56.    The common questions of law and fact which control this litigation predominate over any individual issues include, but are not limited to:

(a)    Each member of the class is a resident of the Commonwealth of Pennsylvania;

(b)    Each member of the class was issued a motor vehicle policy by the defendant, State Farm, in the Commonwealth of Pennsylvania providing coverage in accordance with the MVFRL;

(c)    The defendant, State Farm, knew, or should have known, that each member of the class owned a single vehicle;

(d)    The defendant, State Farm, knew or should have known that there were no other vehicles or policies in the household of each member of the class;

(e)    Each policy issued by the defendant, State Farm, to each member of the class provided stacked uninsured and underinsured motorist coverages;

(f)    The defendant, State Farm, charged an additional premium for the stacked uninsured and underinsured motorist coverages provided under the policies issued to each member of the class;

(g)    Each member of the class paid an additional premium for stacked uninsured and underinsured motorist coverage which is not an available benefit under the policy;

Case ID: 220101735

(h)    The stacked uninsured and underinsured motorist coverages under each policy issued by the defendant, State Farm, to each member of the class was not available since there was actually no intra-policy stacking nor inter-policy stacking available under those policies; and

(i)    Each member of the class is entitled to a return of premiums from the defendant, State Farm, for this stacking benefit which the policy in question did not provide.

57.    The plaintiff, Wotring, is a member of the class that he seeks to represent.

58.    The claims of the plaintiff, Wotring, are typical of the claims of other members of the class which he purports to represent.

59.    The plaintiff, Wotring, is well qualified to act as class representative.

60.    The plaintiff, Wotring, will fairly and adequately protect the interests of the members of the class.

61.    The plaintiff, Wotring, has no interest that is adverse or antagonistic to the interests of the members of the class.

62.    The plaintiff, Wotring, is committed to prosecuting the class action.

63.    The plaintiff, Wotring, has retained competent counsel who are experienced in litigation of this nature.

64.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

65.    Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are entitled to uninsured motorist coverage.

66.    The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

Case ID: 220101735

67.     It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

68.     The plaintiff, Wotring, anticipates no difficulty in the management of this action as a class action.

69.     The class action brought by the plaintiff, Wotring, is a convenient and proper forum in which to litigate the claim.

70.     The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront the defendant, State Farm, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

71.     Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

72.     Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of the defendant, State Farm.

## COUNT I
### (Declaratory Relief)

73.     The plaintiff, Wotring, hereby incorporates by reference the foregoing Paragraphs 1 through 72 of this Complaint as though same were fully set forth herein.

74.     The defendant, State Farm, issued motor vehicle policies to the plaintiff, Wotring, and to each member of the class, providing coverage in accordance with the MVFRL.

75.     The plaintiff, Wotring, and members of the class, have one motor vehicle insured under motor vehicle policies issued by the defendant, State Farm, with no other vehicles or policies in their households.

12

Case ID: 220101735

76.    The policies issued by the defendant, State Farm, to the plaintiff, Wotring, and members of the class, insure one motor vehicle.

77.    There are no other motor vehicles nor other motor vehicle policies in the household of the plaintiff, Wotring, and in the household of each member of the class.

78.    The policies of insurance issued by the defendant, State Farm, to the plaintiff, Wotring, and members of the class, provide stacked uninsured and underinsured motorist coverages.

79.    Stacking is the cumulation of coverages in order to increase the potential pool of recovery of uninsured and underinsured motorist benefits.

80.    Stacking of uninsured and underinsured motorist coverages is governed by § 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1738 ("MVFRL").

81.    Section 1738(a) of the MVFRL provides:

> **(a) Limit for each vehicle.** - When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limits for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverage available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

75 Pa.C.S.A. § 1738(a).

82.    The plaintiff, Wotring, and each member of the class, owned only one vehicle.

83.    There were no other vehicles in the household of the plaintiff, Wotring, nor in the household of each member of the class.

Case ID: 220101735

84.    The plaintiff, Wotring, and each member of the class, were not an insured under any other policy for purposes of uninsured or underinsured motorist coverage, i.e. there were no other vehicles or policies in the household.

85.    There was, therefore, no intra-policy or inter-policy stacking of uninsured or underinsured motorist coverages under the State Farm Policy and the policies issued to each member of the class.

86.    In <u>Barnard v. Travelers</u>, 216 A. 3d 1045 (Pa. 2019), the Supreme Court of Pennsylvania stated:

> Rather, we find that the section's references to multiple vehicles merely acknowledges that stacking is only possible when an insured possesses UIM coverage for multiple vehicles. Therefore, for practical purposes, Subsection 1738(c) only requires insurance companies to offer stacking waivers when an insured obtains UIM coverage for multiple vehicles.

<u>Id</u>. at 1054.

87.    The defendant, State Farm, nonetheless, offered stacking of uninsured and underinsured motorist coverages to the plaintiff, Wotring, under the State Farm Policy, as well as to each member of the class.

88.    The defendant, State Farm, further offered the opportunity to the plaintiff, Wotring, and to each member of the class, to waive stacking of uninsured and underinsured motorist coverages, despite the specific and unambiguous provisions of the MVFRL.

89.    The plaintiff, Wotring, and each member of the class, elected to have stacking of uninsured and underinsured motorist benefits under the Start Farm Policy and the policies issued to each member of the class; the defendant, State Farm, did not advise the plaintiff, Wotring, or each member of the class, that there was no stacking coverage benefit available under any of

14

Case ID: 220101735

these single vehicle policies since there were no other motor vehicles or policies in the household.

90.     The defendant, State Farm, charged the plaintiff, Wotring, and each member of the class, an additional premium for stacked uninsured and underinsured motorist coverage despite knowing, from the time of the decision of the Supreme Court in Generette v. Donegal, 957 A. 2d 1180 (Pa. 2008), that no stacking coverage benefit was being provided.

91.     Prior to the decision in Generette, insurers claimed, and the Courts agreed, that the ability of someone such as the plaintiff, Wotring, to recover uninsured or underinsured benefits as a guest passenger in a non-household vehicle and then to be able to recover additional benefits under his own policy was inter-policy stacking, thereby justifying the additional premium for stacking under a single vehicle policy.

92.     In Generette, the Supreme Court held that such recovery involving non-household vehicles was not inter-policy stacking, but rather priority of recovery.

93.     In Generette, the Supreme Court determined that stacking involves only household policies; recovering additional uninsured and underinsured motorist benefits under non-household policies is not stacking of coverages, but rather priority of coverage.  Generette v. Donegal, supra.

94.     The decision in Generette, therefore, eliminated that factual predicate used by insurers to justify an additional premium for stacking under single vehicle policies where there are no other household policies, namely the ability to recover under multiple policies in the guest passenger situation.

15

Case ID: 220101735

95.     Despite being aware that a single vehicle policy issued to an individual with no other household vehicles or policies provided no stacking coverage benefit, State Farm continued to issue such policies and charge a premium for a coverage benefit not provided by the policy.

96.     Despite being aware that a single vehicle policy issued to an individual with no other household vehicles or policies provided no stacking coverage benefit, State Farm deliberately refused to advise such policyholders that the policy did not actually provide a stacking coverage benefit.

97.     Despite getting sufficient information in the underwriting process to determine that there was no stacking coverage benefit provided by the policies, i.e. a single vehicle policy with no other household vehicles or policies, State Farm deliberately issued such policies while purposely refusing to advise policyholders of the situation.

98.     Stacking, however, involves only household policies; recovering additional uninsured and underinsured motorist benefits under non-household policies is not stacking of coverages, but rather priority of coverage.  Generette v. Donegal, supra.

99.     There is, therefore, no stacking of uninsured and underinsured motorist coverages under the State Farm Policy or the policies issued to each member of the class; nonetheless, State Farm charged an additional premium for stacked coverage under the State Farm Policy and the policies issued to each member of the class knowing that no stacking benefit was provided while deliberately refusing to advise policyholders that the policies provided no stacking coverage benefit for which they were paying a premium.

100.    There is no intra-policy stacking under these single vehicle policies issued by the defendant, State Farm, under the MVFRL to the plaintiff, Wotring, and to each member of the class.

Case ID: 220101735

101.    There is no inter-policy stacking under these single vehicle policies issued by the defendant, State Farm, under the MVFRL to the plaintiff, Wotring, and to each member of the class.

102.    The defendant, State Farm, knew since the 2008 decision of the Supreme Court in Generette v. Donegal, supra. that it was charging an additional premium for stacked uninsured and underinsured motorist coverages under single vehicle policies of insurance issued in Commonwealth of Pennsylvania which provided no such stacking coverage benefit.

103.    The defendant, State Farm, knowingly defrauded the plaintiff, Wotring, and each member of the class, by charging a premium for stacked uninsured and underinsured motorist coverages under single vehicle policies in the Commonwealth of Pennsylvania which did not provide any such stacking benefit.

104.    The defendant, State Farm, never advised the plaintiff, Wotring, nor any member of the class, that the policy being issued to him or her did not provide any stacking coverage benefit for uninsured and underinsured motorist coverages.

105.    The defendant, State Farm, led the plaintiff, Wotring, and each member of the class, to believe that the policy being issued to them provided a stacking coverage benefit, by offering the benefit and charging an additional premium for it.

106.    The plaintiff, Wotring, and members of the class, are entitled to a declaration that the policies of insurance issued by the defendant, State Farm, to the plaintiff, Wotring, and members of the class provide no stacking coverage benefit for uninsured and underinsured motorist coverages under the MVFRL.

107.    The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

17

Case ID: 220101735

108.    The controversy involves substantial rights of the parties to the action.

109.    A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

110.    A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

111.    The plaintiff, Wotring, and members of the class are entitled to a declaration that there is no stacking coverage benefit for uninsured and underinsured motorist coverages under each policy of insurance issued by the defendant, State Farm.

WHEREFORE, the plaintiff, Douglas C. Wotring, respectfully requests that the Court enter an Order:

(a)    declaring that the State Farm Policy issued by the defendant, State Farm, to the plaintiff, Wotring, does not provide a stacking benefit for uninsured and underinsured motorist coverages under the MVFRL for which a premium was paid;

(b)    declaring that the policies of insurance issued by the defendant, State Farm, to each member of the class does not provide a stacking coverage benefit for uninsured and underinsured motorist coverages under the MVFRL for which a premium was paid;

(c)    declaring that the defendant, State Farm, charged premiums for a stacking coverage benefit for uninsured and underinsured motorist coverages that was not provided by the policy;

(d)    declaring that the defendant, State Farm, is required to return the premiums charged for this stacking coverage benefit for uninsured and underinsured motorist coverages which was not provided by the policies to the plaintiff, Douglas C. Wotring, and to each member of the class; and

(e)    awarding such other relief as the Court deems appropriate.

18

## COUNT II
### (Return of Premiums)

112.    The plaintiff, Wotring, hereby incorporates by reference the foregoing Paragraphs 1 through 111 of this Complaint as though same were fully set forth herein.

113.    The defendant, State Farm, issued a motor vehicle policy to the plaintiff, Wotring, and to each member of the class, providing coverage in accordance with the MVFRL.

114.    The plaintiff, Wotring, and members of the class, have one motor vehicle insured under motor vehicle policies issued by the defendant, State Farm, with no other vehicles or policies in their households.

115.    The policies issued by the defendant, State Farm, to the plaintiff, Wotring, and members of the class, insure one motor vehicle.

116.    There are no other motor vehicles nor other motor vehicle policies in the household of the plaintiff, Wotring, nor in the households of each member of the class.

117.    The policies of insurance issued by the defendant, State Farm, to the plaintiff, Wotring, and members of the class, provide stacked uninsured and underinsured motorist coverages.

118.    Stacking is the cumulation of coverages in order to increase the potential pool of recovery of uninsured and underinsured motorist benefits.

119.    Stacking of uninsured and underinsured motorist coverages is governed by § 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1738 ("MVFRL").

120.    Section 1738(a) of the MVFRL provides:

Case ID: 220101735

**(a) Limit for each vehicle.** - When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limits for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverage available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

75 Pa.C.S.A. § 1738(a).

     121.    The plaintiff, Wotring, and each member of the class, owned only one vehicle.

     122.    There were no other vehicles in the household of the plaintiff, Wotring, nor in the households of each member of the class.

     123.    The plaintiff, Wotring, and each member of the class, were not an insured under any other household policies for purposes of uninsured or underinsured motorist coverage, i.e. there were no other vehicles in the household.

     124.    There was, therefore, no intra-policy or inter-policy stacking of uninsured or underinsured motorist coverages under the State Farm Policy nor under the policies issued to each member of the class.

     125.    In <u>Barnard v. Travelers</u>, 216 A. 3d 1045 (Pa. 2019), the Supreme Court of Pennsylvania stated:

> Rather, we find that the section's references to multiple vehicles merely acknowledges that stacking is only possible when an insured possesses UIM coverage for multiple vehicles. Therefore, for practical purposes, Subsection 1738(c) only requires insurance companies to offer stacking waivers when an insured obtains UIM coverage for multiple vehicles.

<u>Id</u>. at 1054.

Case ID: 220101735

126.    The defendant, State Farm, nonetheless, offered stacking of uninsured and underinsured motorist coverages to the plaintiff, Wotring, under the State Farm Policy, as well as to each member of the class.

127.    The defendant, State Farm, further offered the opportunity to the plaintiff, Wotring, and to each member of the class, to waive stacking of uninsured and underinsured motorist coverages, despite the specific and unambiguous provisions of the MVFRL.

128.    The plaintiff, Wotring, and each member of the class, elected to have stacking of uninsured and underinsured motorist benefits under the State Farm Policy and the policies issued to each member of the class; the defendant, State Farm, did not advise the plaintiff, Wotring, or each member of the class, that there was no stacking coverage benefit available under any of these single vehicle policies since there were no other motor vehicles or policies in the household.

129.    The defendant, State Farm, charged the plaintiff, Wotring, and each member of the class, an additional premium for stacked uninsured and underinsured motorist coverage despite knowing, from the time of the decision of the Supreme Court in <u>Generette v. Donegal</u>, 957 A.2d 1180 (Pa. 2008), that no stacking coverage benefit was being provided.

130.    Prior to the decision in <u>Generette</u>, insurers claimed, and the Courts agreed, that the ability of someone such as the plaintiff, Wotring, to recover uninsured or underinsured benefits as a guest passenger in a non-household vehicle and then to be able to recover additional benefits under his own policy was inter-policy stacking, thereby justifying the additional premium for stacking under a single vehicle policy.

131.    In <u>Generette</u>, the Supreme Court held that such recovery involving non-household vehicles was not inter-policy stacking, but rather priority of recovery.

21

132.    In <u>Generette</u>, the Supreme Court determined that stacking involves only household policies; recovering additional uninsured and underinsured motorist benefits under non-household policies is not stacking of coverages, but rather priority of coverage.  <u>Generette v. Donegal</u>, <u>supra</u>.

133.    The decision in <u>Generette</u>, therefore, eliminated that factual predicate used by insurers to justify an additional premium for stacking under single vehicle policies where there are no other household policies, namely the ability to recover under multiple policies in the guest passenger situation.

134.    Despite being aware that a single vehicle policy issued to an individual with no other household vehicles or policies provided no stacking coverage benefit, State Farm continued to issue such policies and charge a premium for a coverage benefit not provided by the policy.

135.    Despite being aware that a single vehicle policy issued to an individual with no other household vehicles or policies provided no stacking coverage benefit, State Farm deliberately refused to advise such policyholders that the policy did not actually provide a stacking coverage benefit.

136.    Despite getting sufficient information in the underwriting process to determine that there was no stacking coverage benefit provided by the policies, i.e. a single vehicle policy with no other household vehicles or policies, State Farm deliberately issued such policies while purposely refusing to advise policyholders of the situation.

137.    There is, therefore, no stacking of uninsured and underinsured motorist coverages under the State Farm Policy or the policies issued to each member of the class; nonetheless, State Farm charged an additional premium for stacked coverage under the State Farm Policy and the policies issued to each member of the class knowing that no stacking coverage benefit was

22

provided while deliberately refusing to advise policyholders that the policies provided no stacking coverage benefit for which they were paying a premium.

138.    There is no intra-policy stacking under these single vehicle policies issued by the defendant, State Farm, to the plaintiff, Wotring, and to each member of the class.

139.    There is no inter-policy stacking under these single vehicle policies issued by the defendant, State Farm, to the plaintiff, Wotring, and to each member of the class.

140.    The defendant, State Farm, knew since the 2008 decision of the Supreme Court in Generette v. Donegal, supra. that it was charging an additional premium for stacked uninsured and underinsured motorist coverages under single vehicle policies of insurance issued in Commonwealth of Pennsylvania which provided no such stacking coverage benefit.

141.    The defendant, State Farm, knowingly defrauded the plaintiff, Wotring, and each member of the class, by charging a premium for stacked uninsured and underinsured motorist coverages under single vehicle policies in the Commonwealth of Pennsylvania which did not provide any such stacking coverage benefit.

142.    The defendant, State Farm, never advised the plaintiff, Wotring, nor any member of the class, that the policy being issued to him or her did not provide any stacking coverage benefit for uninsured and underinsured motorist coverages.

143.    The defendant, State Farm, led the plaintiff, Wotring, and each member of the class, to believe that the policy being issued to them provided a stacking coverage benefit.

144.    The plaintiff, Wotring, and members of the class, are entitled to a return of premiums charged a stacking coverage benefit for uninsured and underinsured motorist coverages which were not provided by the policies in question.

23

Case ID: 220101735

145.    The amount in controversy, namely, the excess premiums charged for stacked coverage, does not exceed $75,000.00, exclusive of interest and costs.

WHEREFORE, the plaintiff, Douglas C. Wotring, respectfully requests that the Court enter an Order:

(a)    awarding to the plaintiff, Douglas C. Wotring, all premiums paid for the stacked uninsured and underinsured motorist coverages under the policy issued by the defendant, State Farm, in an amount not in excess of $75,000.00;

(b)    awarding to each member of the class all premiums paid for stacked uninsured and underinsured motorist coverages under policies issued by the defendant, State Farm, in an amount not in excess of $75,000.00 for each class member; and

(c)    awarding such other relief as the Court deems appropriate.

## COUNT III
### (Unjust Enrichment)

146.    The plaintiff, Wotring, hereby incorporates by reference the foregoing Paragraphs 1 through 145 of this Complaint as though same were fully set forth herein.

147.    The defendant, State Farm, charged the plaintiff, Wotring, and members of the class, an additional premium for stacked uninsured and underinsured motorist benefits under policies issued in accordance with the MVFRL.

148.    The policies of insurance issued by the defendant, State Farm, to the plaintiff, Wotring, and members of the class, provide no stacking coverage benefit for uninsured and underinsured motorist coverages.

149.    The plaintiff, Wotring, and members of the class, paid an additional premium for stacking of uninsured and underinsured motorist coverages under the policies issued by the defendant, State Farm, which was not provided by the policies in question.

150.    The defendant, State Farm, charged additional premiums under the policies of

Case ID: 220101735

insurance issued to the plaintiff, Wotring, and to members of the class, for a stacking coverage benefit for uninsured and underinsured motorist coverages which was not provided by the policies in question.

151.    The defendant, State Farm, has been unjustly enriched by charging and receiving premiums from the plaintiff, Wotring, and from members of the class for a stacking coverage benefit for uninsured and underinsured motorist coverages which was not provided by the policies in question.

152.    The defendant, State Farm, knew since the 2008 decision of the Supreme Court in Generette v. Donegal, supra. that it was charging an additional premium for a stacking coverage benefit for uninsured and underinsured motorist coverages under single vehicle policies of insurance issued in Commonwealth of Pennsylvania which provided no such stacking coverage benefit.

153.    The defendant, State Farm, knowingly defrauded the plaintiff, Wotring, and each member of the class, by charging a premium for a stacking coverage benefit for uninsured and underinsured motorist coverages under single vehicle policies in the Commonwealth of Pennsylvania which provided no such stacking coverage benefit.

154.    The defendant, State Farm, has been unjustly enriched by wrongfully and systematically receiving premiums for a stacking coverage benefit which was not provided by the State Farm Policy and the policies issued to each member of the class.

155.    The plaintiff, Wotring, and members of the class, are entitled to a return of all premiums paid for a stacking coverage benefit for uninsured and underinsured motorist coverages under polices issued by the defendant, State Farm, which provided no such coverage benefit.

Case ID: 220101735

156.   The amount in controversy, namely, the excess premiums charged for stacked coverage, does not exceed $75,000.00, exclusive of interest and costs.

WHEREFORE, the plaintiff, Douglas C. Wotring, respectfully requests that the Court enter an Order:

(a)   awarding to the plaintiff, Douglas C. Wotring, all premiums paid for the stacked uninsured and underinsured motorist coverages under the policy issued by the defendant, State Farm, in an amount not in excess of $75,000.00;

(b)   awarding to each member of the class all premiums paid for the stacked uninsured and underinsured motorist coverages under policies issued by the defendant, State Farm, in an amount not in excess of $75,000.00 for each member of the class; and

(c)   awarding such other relief as the Court deems appropriate.

## COUNT IV
### (Violation of Consumer Protection Law)

157.   The plaintiff, Wotring, hereby incorporates by reference the foregoing Paragraphs 1 through 156 of this Complaint as though same were fully set forth herein.

158.   The defendant, State Farm, charged the plaintiff, Wotring, and members of the class, an additional premium for a stacking coverage benefit for uninsured and underinsured motorist coverages under policies issued in accordance with the MVFRL.

159.   The policies of insurance issued by the defendant, State Farm, to the plaintiff, Wotring, and members of the class, provide no stacking coverage benefit for uninsured and underinsured motorist coverages.

160.   The plaintiff, Wotring, and members of the class, paid an additional premium for stacking coverage benefit for uninsured and underinsured motorist coverages under the policies issued by the defendant, State Farm.

161.   The defendant, State Farm, charged an additional premium under the policies of

26

Case ID: 220101735

insurance issued to the plaintiff, Wotring, and members of the class, for a stacking coverage benefit for uninsured and underinsured motorist coverages which were not provided by the policies in question.

162.    The defendant, State Farm, engaged in actions and practices deemed unlawful by the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. ("CPL") in issuing single vehicle policies and charging premiums for a stacking coverage benefit for uninsured and underinsured motorist coverages under these policies knowing that there were no other vehicles or policies in the household, thereby charging a premium for a coverage which the policy did not provide.  Specifically, the defendant, State Farm, engaged in unfair and deceptive practices as defined by § 201-2(4)(v)(vii) and (xxi) of the CPL deemed unlawful by § 201-3 of the CPL, knowing that the stacking coverage benefit for which a premium was charged conferred no actual stacking coverage benefit.

163.    As a result of the violations of the CPL by the defendant, State Farm, the plaintiff, Wotring, and each member of the class, are entitled to actual damages, i.e. return of premiums or $100.00, whichever is greater, pursuant to § 201-9.2 of the CPL.

164.    As a result of the violations of the CPL by the defendant, State Farm, the plaintiff, Wotring, and each member of the class, are entitled to three times actual damages, i.e. return of premium, not less than $100.00, pursuant to § 201-9.2 of the CPL for the unlawful acts and deceptive practices of the defendant, State Farm.

165.    The amount in controversy, namely, the excess premiums charged for stacked coverage and/or $100.00, whichever is greater, does not exceed $75,000.00, exclusive of interest and costs.

WHEREFORE, the plaintiff, Douglas C. Wotring, and each member of the class,

Case ID: 220101735

respectfully requests that the Court enter an Order:

      (a)    declaring that the defendant, State Farm, engaged in acts and practices declared unlawful by the CPL by issuing single vehicle policies and charging premiums for stacked uninsured and underinsured motorist coverages under those policies knowing that there were no other vehicles or policies in the household, thereby charging premiums for a stacked coverage benefit which the policy did not provide;

      (b)    enjoining the defendant, State Farm, from issuing single vehicle policies under the MVFRL in the Commonwealth of Pennsylvania providing stacked uninsured and underinsured motorist coverages where there are no other vehicles or policies in the household;

      (c)    awarding actual damages, i.e. return of premiums to the plaintiff, Douglas C. Wotring, and each member of the class, or $100.00, whichever is greater, in an amount not in excess of $75,000.00 for Douglas C. Wotring and for each member of the class; and

      (d)    awarding treble damages, i.e. three times the actual premiums to be returned but not less than $100.00 to the plaintiff, Douglas C. Wotring, and each member of the class pursuant to § 201-9.2 of the CPL, in an amount not in excess of $75,000.00 for Douglas C. Wotring and for each member of the class.

## COUNT V
### (Fraud)

166.    The plaintiff, Wotring, hereby incorporates by reference the foregoing Paragraphs 1 through 165 of this Complaint as though same were fully set forth herein.

167.    The defendant, State Farm, charged the plaintiff, Wotring, and members of the class, an additional premium for a stacking coverage benefit for uninsured and underinsured motorist coverages under policies issued in accordance with the MVFRL which the policies of insurance did not provide.

168.    The policies of insurance issued by the defendant, State Farm, to the plaintiff, Wotring, and members of the class, provide no stacking coverage benefit for uninsured and underinsured motorist coverages.

28

Case ID: 220101735

169.    The plaintiff, Wotring, and members of the class, paid an additional premium for stacking coverage benefit for uninsured and underinsured motorist coverages under the policies issued by the defendant, State Farm, which stacking coverage benefit was not provided by the policies.

170.    The defendant, State Farm, never advised the plaintiff, Wotring, nor any member of the class, that the policy being issued to him or her did not provide any stacking coverage benefit for uninsured and underinsured motorist coverage benefit.

171.    The defendant, State Farm, led the plaintiff, Wotring, and each member of the class, to believe that the policy being issued to them provided a stacking coverage benefit.

172.    The defendant, State Farm, charged the plaintiff, Wotring, and each member of the class, an additional premium for stacked uninsured and underinsured motorist coverage despite knowing, from the time of the decision of the Supreme Court in <u>Generette v. Donegal</u>, 957 A.2d 1180 (Pa. 2008), that no stacking coverage benefit was being provided.

173.    Prior to the decision in <u>Generette</u>, insurers claimed, and the Courts agreed, that the ability of someone such as the plaintiff, Wotring, to recover uninsured or underinsured benefits as a guest passenger in a non-household vehicle and then to be able to recover additional benefits under his own policy was inter-policy stacking, thereby justifying the additional premium for stacking under a single vehicle policy.

174.    In <u>Generette</u>, the Supreme Court determined that stacking involves only household policies; recovering additional uninsured and underinsured motorist benefits under non-household policies is not stacking of coverages, but rather priority of coverage.  <u>Generette v. Donegal</u>, <u>supra</u>.

29

175.    The decision in <u>Generette</u>, therefore, eliminated that factual predicate used by insurers to justify an additional premium for stacking under single vehicle policies where there are no other household policies, namely the ability to recover under multiple policies in the guest passenger situation.

176.    Despite being aware that a single vehicle policy issued to an individual with no other household vehicles or policies provided no stacking coverage benefit, State Farm continued to issue such policies and charge a premium for a coverage benefit not provided by the policy.

177.    Despite being aware that a single vehicle policy issued to an individual with no other household vehicles or policies provided no stacking coverage benefit, State Farm deliberately refused to advise such policyholders that the policy did not actually provide a stacking coverage benefit.

178.    Despite getting sufficient information in the underwriting process to determine that there was no stacking coverage benefit provided by the policies, i.e. a single vehicle policy with no other household vehicles or policies, State Farm deliberately issued such policies while purposely refusing to advise policyholders of the situation.

179.    There is, therefore, no stacking of uninsured and underinsured motorist coverages under the State Farm Policy or the policies issued to each member of the class; nonetheless, state Farm charged an additional premium for stacked coverage under the State Farm Policy and the policies issued to each member of the class, knowing that no stacking coverage benefit was provided while deliberately refusing to advise policyholders that the policies provided no stacking coverage benefit for which they were paying a premium.

180.    The defendant, State Farm, knew since the 2008 decision of the Supreme Court in <u>Generette</u> that it was charging an additional premium for a stacking coverage benefit for

Case ID: 220101735

uninsured and underinsured motorist coverages under single vehicle policies of insurance issued in Commonwealth of Pennsylvania which provided no such stacking coverage benefit.

181.    The defendant, State Farm, knowingly defrauded the plaintiff, Wotring, and each member of the class, by charging a premium for a stacking coverage benefit for uninsured and underinsured motorist coverages under single vehicle policies in the Commonwealth of Pennsylvania which did not provide any such stacking coverage benefit.

182.    The defendant, State Farm, defrauded the plaintiff, Wotring, and each member of the class, by charging and accepting a premium for a stacking coverage benefit for uninsured and underinsured motorist coverages knowing that the policies in question provided no such stacking coverage benefit.

183.    The defendant, State Farm, never advised the plaintiff, Wotring, nor any member of the class, that the policy being issued to him or her did not provide any stacking coverage benefit for uninsured and underinsured motorist coverages.

184.    The defendant, State Farm, led the plaintiff, Wotring, and each member of the class, to believe that the policy being issued to them provided a stacking coverage benefit.

185.    The plaintiff, Wotring, and members of the class, are entitled to a return of premiums charged a stacking coverage benefit for uninsured and underinsured motorist coverages which were not provided by the policies in question.

186.    The amount in controversy, namely, the excess premiums charged for stacked coverage, does not exceed $75,000.00, exclusive of interest and costs.


WHEREFORE, the plaintiff, Douglas C. Wotring, respectfully requests that the Court enter an Order:

Case ID: 220101735

(a)    awarding to the plaintiff, Douglas C. Wotring, all premiums paid for the stacked uninsured and underinsured motorist coverages under the policy issued by the defendant, State Farm, in an amount not in excess of $75,000.00;

(b)    awarding to each member of the class all premiums paid for the stacked uninsured and underinsured motorist coverages under policies issued by the defendant, State Farm, in an amount not in excess of $75,000.00 for each member of the class; and

(c)    awarding such other relief as the Court deems appropriate.

## COUNT VI
### (Injunctive Relief)

187.    The plaintiff, Wotring, hereby incorporates by reference the foregoing Paragraphs 1 through 186 of this Complaint as though same were fully set forth herein.

188.    The defendant, State Farm, charged the plaintiff, Wotring, and members of the class, an additional premium for a stacking coverage benefit for uninsured and underinsured motorist coverage under policies issued in accordance with the MVFRL which provided no such stacking coverage benefit.

189.    The defendant, State Farm, continues to issue single vehicle policies in the Commonwealth of Pennsylvania under the MVFRL and further continues to charge premiums under these policies for a stacking coverage benefit for uninsured and underinsured motorist coverage which is not, in fact, provided by those policies.

190.    These policies of insurance issued by the defendant, State Farm, to citizens of the Commonwealth of Pennsylvania provide no stacking coverage benefit for uninsured and underinsured motorist coverages although a premium continues to be charged for this stacking coverage benefit.

191.    The plaintiff, Wotring, and members of the class, paid an additional premium for

Case ID: 220101735

a stacking coverage benefit for uninsured and underinsured motorist coverages under the policies issued by the defendant, State Farm, which provides no such stacking coverage benefit.

192.    The defendant, State Farm, continues to charge an additional premium under the policies of insurance issued in the Commonwealth of Pennsylvania for a stacking coverage benefit for uninsured and underinsured motorist coverages which is not provided by the policy.

193.    The plaintiff, Wotring, members of the class and the citizens of the Commonwealth, have suffered damages or are at immediate risk of suffering damages as a result of the continued action of the defendant, State Farm, in charging and accepting premiums under policies issued in the Commonwealth of Pennsylvania in accordance with the MVFRL for a stacking coverage benefit for uninsured and underinsured motorist coverages which is not provided by the policies in question.

WHEREFORE, the plaintiff, Douglas C. Wotring, respectfully requests that the Court enter an Order enjoining the defendant, State Farm Mutual Automobile Insurance Company, from charging premiums for a stacking coverage benefit for uninsured and underinsured motorist coverages under single vehicle policies issued in the Commonwealth of Pennsylvania in accordance with the MVFRL where there can be no stacking benefit since there are no other motor vehicle policies in the household, thereby allowing the defendant, State Farm Mutual

33

Case ID: 220101735

Automobile Insurance Company, to charge and accept a premium for a stacking coverage benefit which is not provided by the policy in question.

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.


BY:     /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market St, Suite 1100
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8197

SCHMIDT KRAMER P.C.

BY: /s/ Scott Cooper
SCOTT B. COOPER, Esq.
PA Attorney I.D. # 70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300


SHUB LAW FIRM

BY:     /s/ Jonathan Shub
JONATHAN SHUB, Esquire
KEVIN LAUKAITIS, Esquire
PA Attorney I.D. # 53965
134 Kings Highway East, 2nd Floor
Haddonfield, NJ  08033
(856) 772-7200


JACK GOODRICH & ASSOCIATES

BY: /s/ Jack Goodrich
JOHN P. GOODRICH, ESQUIRE
PA ATTORNEY I.D. #49648
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 261-4663


Attorneys for Plaintiffs

<u>VERIFICATION</u>

I, Douglas C. Wotring, state that the facts set forth in the response to discovery are true and correct to the best of my knowledge, information and belief. I understand that the statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

BY: _____
Douglas C. Wotring

Case ID: 220101735

EXHIBIT A

Case ID: 220101735

State Farm Mutual Automobile Insurance Company

*One State Farm Dr*
*Concordville PA 19339*

10820-5-5                MUTL   VOL

| **DECLARATIONS PAGE** |
|---|
| NAIC# 25178                              PAGE 1 OF 2 |
| POLICY NUMBER   661 0868-A08-38I |
| POLICY PERIOD NOV 30 2015 to JUL 08 2016<br>12:01 A.M. Standard Time |

NAMED INSURED

AT2                        38-6490-5 5          A
          000925  0058
WOTRING, DOUGLAS C
11 CLIFTON RD
CAMP HILL PA  17011-1602

AGENT

DENISE DOMBACH
325 MANOR DR
MECHANICSBURG, PA 17050-3082

PHONE: (717)761-6410

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSE D.**

### YOUR CAR

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|---|---|---|---|---|---|
| 2011 | FORD | F150 | PICKUP | 1FTFW1ET3BKD93260 | 100H50H000 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
|---|---|---|
| A | Liability Coverage | $182.62 |
|  | Bodily Injury Limits | |
|  | Each Person  Each Accident | |
|  | $100,000   $300,000 | |
|  | Property Damage Limit | |
|  | Each Accident | |
|  | $100,000 | |
| C2 | Medical Payments Coverage | $74.18 |
|  | Limit - Each Person | |
|  | $100,000 | |
| D | Comprehensive Coverage | $60.90 |
| G | Collision Coverage - $250 Deductible | $160.50 |
| H | Emergency Road Service Coverage | $2.68 |
| R1 | Car Rental and Travel Expenses Coverage | $15.29 |
|  | Limit - Car Rental Expense | |
|  | Each Day,   Each Loss | |
|  | 80%      $1,000 | |
| U | Uninsured Motor Vehicle Coverage | $7.88 |
|  | Bodily Injury Limits | |
|  | Each Person,  Each Accident | |
|  | $100,000   $300,000 | |
| W | Underinsured Motor Vehicle Coverage | $78.44 |
|  | Bodily Injury Limits | |
|  | Each Person,  Each Accident | |
|  | $100,000   $300,000 | |
| F | Funeral Benefits Coverage | $.65 |
|  | Each Person Limit | |
|  | $2,500 | |
| Y2 | Death, Dismemberment, and Loss of Sight Coverage | $1.82 |
| Z2 | Loss of Income Coverage | $5.06 |
| | Total premium for NOV 30 2015 to JUL 08 2016 | $590.02   This is not a bill. |

### IMPORTANT MESSAGES

Replaced policy number 6610868-38H.

Your total renewal premium for JAN 08 2016 to JUL 08 2016 is $492.98.

* The total premium listed above reflects a recent change to your policy and the 6 month renewal premium.

CONTINUED
See Reverse Side

Case ID: 220101735

State Farm Mutual Automobile Insurance Company

One State Farm Dr
Concordville PA 19339

10820-5-5             MUTL  VOL

**DECLARATIONS PAGE**

NAIC#   25178                    PAGE 2 OF 2

NAMED INSURED  000925   0050            38-6490-5 5      A
WOTRING, DOUGLAS C
11 CLIFTON RD
CAMP HILL PA  17011-1602

POLICY NUMBER   661 0868-A08-38I
POLICY PERIOD NOV 30 2015 to JUL 08 2016
12:01 A.M. Standard Time

ST-155
0203-L007

**EXCEPTIONS POLICY BOOKLET & ENDORSEMENTS (See policy booklet & individual endorsements for coverage details.)**

YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET -
FORM 9838A, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU
WITH ANY SUBSEQUENT RENEWAL NOTICE.
6126LN    AMENDATORY ENDORSEMENT.
6938A.1   AMENDATORY ENDORSEMENT
THIS POLICY PROVIDES FULL TORT OPTION.

Agent:      DENISE DOMBACH

Telephone: (717)761-6410

Prepared   DEC 10 2015      6490-ABC

Case ID: 220101735